## STATE v. BRYANT SIMMERSON.

(Filed 9 April, 1919.)

1. **Courts—Term—Continuance from Day to Day—Order of Judge—Sheriffs —Validity of Trials.**

    A judge of the Superior Court whose term of office commences 1 January acts both *de facto* and *de jure* at a term of court commencing by statute on 30 December previous thereto and continuing several weeks, when the sheriff, under his direction, has continued the court from day to day, not exceeding four days, and he qualifies, appears and commences to hold the term within that time, and the validity of a trial objected to on that ground will be sustained.

2. **Spirituous Liquors—Intoxicants—Possession—Purpose of Sale—Burden of Proof.**

    Upon trial for having in possession more than one gallon of spirituous liquor for the purpose of sale, the sale of intoxicants is the gravamen of the offense, and the guilt of the defendant may be established whether he had a less quantity or not, the quantity specified making a *prima facie* case under the statute, the burden of proof in either event being upon the State to establish the facts that constitute the unlawful purpose of sale.

APPEAL by defendant from *Bryson, J.,* at January Term, 1919, of FORSYTH.

Indictment for having in possession more than one gallon of spirituous liquor for purposes of sale. The defendant was tried and convicted in the municipal court of Forsyth and on appeal to the Superior Court was again convicted. He moved in arrest of judgment because that the term which should have been begun 30 December, 1918, was continued by the sheriff until 3 January, when Bryson, J., whose term of office began 1 January, 1919, arrived and opened court. The plea is pre-

35—177

sented that the trial, conviction and sentence were illegal because the court had no jurisdiction. Motion denied, and defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Hastings & Whicker, Benbow, Hall & Benbow for defendant.*

CLARK, C. J. The question here raised as to the validity of this same term of the Court, which was not opened until Friday, 3 January, 1918, was presented and fully discussed by *Walker, J.,* in *S. v. Harden, post,* 580, and it is not necessary to repeat what is there said.

On almost exactly the same state of facts, the same proposition of law was presented in *S. v. Wood,* 175 N. C., 815, 816. Though Judge Bryson was not sworn in till 3 January, 1919, he was a judge *de jure* and *de facto* when this case was tried. The motion in arrest was properly denied. *S. v. Hall,* 142 N. C., 713.

The court properly told the jury: "It is immaterial in so far as the guilt of the defendant is concerned, whether he had on hand a gallon or a pint of liquor or a gill of liquor, the gist of the offense is having on hand whiskey for the purpose of sale, and the amount kept on hand has nothing to do with the crime; but you will further note that by statute, where the State has shown to the jury by evidence which satisfies them beyond a reasonable doubt that the defendant had in his possession at one time more than a gallon of whiskey, then the statute raises the presumption it was had and possessed for the purpose of sale. That presumption is made by statute."

"If you find beyond a reasonable doubt that he had in his possession more than one gallon of whiskey, then the statute raises a presumption of guilt and makes what the law calls a *prima facie* case—such a case as the jury may convict upon or should not convict upon, as they would be satisfied therefrom. If you have a reasonable doubt in your mind of any of the material facts to constitute the guilt of the defendant it is your duty to return a verdict of not guilty."

No error.